**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND,
BALTIMORE DIVISION**

| | | |
|---|---|---|
| **CARL R. TAYLOR,** | * | |
| **_Plaintiff_,** | * | |
| **vs.** | * | |
| **WOLCOTT RIVERS P.C.** | * | |
| **and** | * | **Civ. Action No.: 12-cv-2743** |
| **JOHN DOES 1-10,** | * | |
| **_Defendants_.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Carl R. Taylor, ("Plaintiff"), by and through his attorney, E. David Hoskins and The Law Offices of E. David Hoskins, LLC, and for his Complaint against Defendants, Wolcott Rivers P.C. and John Does 1-10, alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. (hereinafter "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann.,

Com. Law, § 14-201, *et seq.* (hereinafter "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq.* (hereinafter "MCPA").

2.     The Plaintiff alleges that the collection practices of Defendant violate the FDCPA, MCDCA and MCPA in its illegal efforts to collect a consumer debt. These collection practices include bringing a legal action to collect the debt against the consumer in a location other than (1) where the contract was signed or (2) where the consumer resides.

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. §1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that

those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(e).

4.     The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

5.     The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of one violation. The Second Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993);

*Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public -- that vast multitude of which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id.* The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson*, 988 F.2d at 1318.

6.     The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

7.     To prohibit harassment and abuses by debt collectors, the FDCPA, at 15 U.S.C. §1692*i*, provides that a debt collector who brings any

legal action on a debt against a consumer shall bring such action only in the jurisdiction in which the consumer resides at the time of the commencement of the action or where the consumer signed the contract sued upon.

## JURISDICTION AND VENUE

8.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692$k$(d) and 28 U.S.C. § 1331.

9.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

10.     Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts that give rise to the claim occurred within this District. In addition, Plaintiff resides within the District of Maryland.

## PARTIES

11.     Carl R. Taylor is an individual who was at all relevant times residing in Baltimore County, Maryland.

12.     Carl R. Taylor is a "consumer" as defined in 15 U.S.C. § 1692$a$(3) of the FDCPA, as he is a natural person improperly sued in the attempt to collect a consumer debt allegedly owed by another consumer.

Carl R. Taylor is a "person" as that term is defined by the MCDCA and the MCPA.

13.     Defendant, Wolcott Rivers P.C. is a for profit professional corporation originated pursuant to the laws of Virginia. Wolcott Rivers P.C. is not licensed as a debt collector in Maryland.

14.     At all relevant times, Wolcott Rivers P.C. acted as a "debt collector" within the meaning of 15 U.S.C. §1692$a$(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff. Wolcott Rivers P.C. regularly collects or attempts to collect, directly or indirectly, debts asserted to be owed or due another. According to its website, Wolcott Rivers P.C. manages "thousands of collection accounts."

15.     Wolcott Rivers P.C. regularly attempts to collect debts alleged to be due another, and uses the United States Mail and telephone service in furtherance of its collection of debts alleged to be due another.

16.     At all relevant times Defendant Wolcott Rivers P.C. acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

17.     The acts of Wolcott Rivers P.C. alleged herein were performed

by its agents, employees, officers and directors acting within the scope of their actual or apparent authority.

18.     Defendants John Does 1-10, are individuals whose identities are not known to Carl R. Taylor at this time, but which will become known upon proper discovery.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.     The Subject Debt

19.     The Plaintiff currently resides at 1872 Arwell Court, Severn, Maryland 21144, and has at all times relevant to this litigation resided at this address.

20.     While residing at this address Plaintiff allegedly incurred and later allegedly default on a debt in the amount of $8,775.08 owed to Northern Star Credit Union, Incorporated. This alleged debt will hereinafter be referred to as the "subject debt."

21.     Upon information and belief, Wolcott Rivers P.C. was employed by Northern Star Credit Union, Incorporated to collect the subject debt.

22.     The subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692$a$(5) of the FDCPA, as it allegedly arose out of a credit card account

that was used primarily for personal, family, or household purposes.

23.   The subject debt is a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA.

24.   Wolcott Rivers P.C. have attempted to collect the subject debt by engaging in "communications" as defined in 15 U.S.C. § 1692$a$(2) of the FDCPA.

25.   Wolcott Rivers P.C. mailed at least two letters regarding the subject debt to Plaintiff's residence in Maryland.

### B.   Wolcott Rivers P.C. Engages in Abusive and Deceptive Tactics

26.   On or about April 2, 2012, Wolcott Rivers P.C. brought a legal action against the Plaintiff and obtained a judgment against the Plaintiff. The legal action was brought in the General District Court of the City of Portsmouth, Virginia. The Plaintiff did not reside in the Commonwealth of Virginia at the time of the commencement of the action. The Plaintiff did not sign the contract sued upon in the Commonwealth of Virginia.

27.   Pursuant to § 1692$i$(a)(2), unless a debt collector brings an action to enforce an interest in real property securing the consumer's obligation, the debt collector must bring a collection lawsuit only in the

location (1) where the contract was signed or (2) where the consumer resides.

28.    Wolcott Rivers P.C. sued Plaintiff on the subject debt in the Portsmouth General District Court in Portsmouth, Virginia despite having actual knowledge that Plaintiff resided in Maryland, and was residing at the same Maryland address when he entered into the contract with Northern Star Credit Union, Incorporated.

29.    Defendant attached to the complaint it filed in Portsmouth a "Northern Star Platinum VISA Credit Card Application" that had been completed by Plaintiff on October 19, 2004, when Plaintiff resided in Norfolk, Virginia. This application was for a **Platinum** Visa Credit Card with a credit line of $15,000.00 and included a request to transfer a balance from another credit card account. This application was denied and the Plaintiff never obtained a Platinum Visa Credit Card with a credit line of $15,000.00. To the best of Plaintiff's recollection, he did not enter into a contract relating to the subject debt until after he had moved to Maryland. Additionally, the Visa account at issue in this dispute has a credit limit of $8,500.00.

30.   All credit card statements attached to Defendant's complaint (dating back to August 4, 2008) list Plaintiff's address as 1872 Arwell Ct., Severn, Maryland 21144.

### C.   Plaintiff Suffered Actual Damages

31.   As a result of the acts of Defendant, Plaintiff became distressed and frustrated, and otherwise suffered from emotional distress. Plaintiff has recently been diagnosed with borderline stage one high blood pressure as a result the stress caused by the Defendant's debt collecting activities.

32.   As a direct consequence of the acts, practices and conduct of Defendant, Plaintiff suffered and continues to suffer from emotional distress and frustration.

### COUNT I
### Violation of the Fair Debt Collection Practices Act
### 15 USC 1692, *et. seq.*

33.   Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

34.   In its attempts to collect the subject debt, Wolcott Rivers P.C. violated the FDCPA by bringing a legal actions on a debt against Plaintiff in

10

a jurisdiction that was not the jurisdiction in which the Plaintiff resided at the time of the commencement of the action and was not the jurisdiction where the Plaintiff signed the contract sued upon.

35.   As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from emotional distress, anger and frustration.

### COUNT II
### Violation of the Maryland Consumer Debt Collection Act
### Md. Code Ann., Com. Law, § 14-201, *et seq.*

36.   Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

37.   The subject debt was a debt which was primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the MCDCA.

38.   Wolcott Rivers P.C. attempted to enforce a right with knowledge that the right does not exist in violation of Md. Code Ann., Com. Law. §14-201(8) by bringing a legal action on a debt against Plaintiff in a jurisdiction that was not the jurisdiction in which the Plaintiff resided at

the time of the commencement of the action and was not the jurisdiction where the Plaintiff signed the contract sued upon.

39.    As a direct consequence of the acts, practices and conduct of Defendant, the Plaintiff suffered and continues to suffer from emotional distress and frustration and is therefore entitled to actual damages pursuant to Md. Code. Ann., Com. Law. §14-203 from Defendant.

## COUNT III
## Violation of the Maryland Consumer Protection Act
## Md. Code Ann., Com. Law, § 13-101, *et seq.*

40.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

41.    The foregoing acts of Wolcott Rivers P.C. constitute a violation of the MCPA as unfair and deceptive trade practices.

42.    As a result of Defendants' violation of the MCPA, Plaintiff has suffered an injury or loss and is entitled to actual damages and attorneys fees pursuant to Md. Code Ann., Com. Law §13-408.

WHEREFORE, Plaintiff, Carl R. Taylor, respectfully prays for a judgment against Defendant Wolcott Rivers P.C., as follows:

      a.     Actual damages pursuant to 15 U.S.C. § 1692*k*(a)(1); Md. Code. Ann., Com. Law. §14-203; and Md. Code Ann., Com. Law §13-408 in the amount of $50,000.00;

      b.     Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692*k*(a)(2)(A);

      c.     Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692*k*(a)(3) and Md. Code Ann., Com. Law §13-408; and

      d.     For such other and further relief as may be just and proper.

## JURY DEMAND

Pursuant to Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Dated: September 12, 2012        Respectfully Submitted,


     */s/ E. David Hoskins*
E. David Hoskins, Bar No. 06705
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland 21210
(410) 662-6500 (Tel.)
*dhoskins@hoskinslaw.com*